IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | |
| : | **CASE NO.: 7:24-CR-31 (WLS-TQL-1)** |
| **PORTERFIELD STOKES,** : | |
| : | |
| **Defendant.** : | |
| : | |

## ORDER

Before the Court is Defendant's Unopposed Motion for Continuance in the Interest of Justice (Doc. 34) ("the Motion"), filed on January 6, 2025. Therein, Defendant moves the Court for a continuance of the trial in this matter from the February 2025 trial term to the next Valdosta Division trial term.[1] (*Id.*) Defendant states that a continuance is necessary because Defense Counsel will need additional time to review discovery, prepare a defense, and to investigate, research, and discuss the Government's case with Defendant. (*Id.* at ¶ 4). The Motion also states that Defense Counsel is currently preparing for a trial in another case before the Court set to begin January 13, 2025. (*Id.*) Defendant also notes that the Government does not oppose the instant Motion, and that the interests of justice served by granting the requested continuance outweigh the best interests of the public and Mr. Stokes in a speedy trial. (*Id.* at ¶¶ 5–6).

Upon review, the Court finds that a continuance is necessary for Defense Counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, Defendant's Motion (Doc. 34) is **GRANTED**. The trial in the above-captioned matter is hereby **CONTINUED** to the Valdosta Division May 2025 term and its conclusion, or as may be otherwise ordered by the Court.

---

[1] The Court notes that Defendant's Motion also requested a continuance of the pretrial conference in this matter, which was scheduled to take place on Tuesday, January 7, 2025, at 3 P.M. at the Albany Courthouse. (Doc. 34). Defendant's Motion having been filed the day before the conference, the Court deferred ruling on said motion until after the conference had taken place. At the pretrial conference, the Government again stated that it does not oppose the instant Motion.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 8th day of January 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**