IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 7:24-CR-31 (WLS-ALS) |
| PORTERFIELD STOKES, | : |
| Defendant. | : |

## ORDER

On November 19, 2025, the Court held a sentencing hearing in the above-captioned matter, wherein the Court *sua sponte* continued Defendant's sentencing hearing. This Order memorializes that hearing.

Previously, Defendant pleaded guilty to one count of Possession of Firearms by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 924(e). (*See* Docs. 1, 70). Defendant filed briefing documenting his objection to the Chapter Four Enhancement designating him as an armed career criminal. (Doc. 74). In Defendant's briefing, he argued that three of his prior convictions do not qualify as controlled substance offenses. (*Id.*). The Government responded (Doc. 75), arguing that the three prior convictions do qualify as controlled substance offenses. However, the Armed Career Criminal Act discusses serious drug offenses, *not* controlled substance offenses. And the binding case law on the two matters is different.[1]

After the Defendant and the Government briefed the Court for Defendant's sentencing, the Eleventh Circuit released for publication *US v. Jerome Miller, Jr.*, No. 23-13069 (11th Cir. Nov. 6, 2025). In that case, the Eleventh Circuit provided new, binding

---

[1] "The terms 'felony' and 'serious drug offense' are those defined in 18 U.S.C. § 924(e)(2). It is noted the definitions of 'violent felony' and 'serious drug offense' in 18 U.S.C. § 924(e)(2) are not identical to the definitions of 'crimes of violence' and 'controlled substance offense' used in §4B1.1 (Career Offender), nor are the time periods for the counting of prior sentences under §4A1.2 (Definitions and Instructions for Computing Criminal History) applicable to the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)." USSG §4B1.4, comment. (n.1).

precedent on how a district court should consider prior convictions for serious drug offenses when imposing an enhanced sentence under the Armed Career Criminal Act. In order to give the Parties an opportunity to brief the Court on how *Miller* may affect Mr. Stokes's sentencing, the Court *sua sponte* continued Defendant's sentencing hearing.

Defendant may submit a supplemental brief. If he chooses to, he must do so no later than **twenty-one days** from today, or by **Friday, December 12, 2025**. The Government may respond. That reply is due no later than **seven days** from when Defendant submits his supplemental brief. The Court will set the rescheduled sentencing hearing by separate notice or order.

**SO ORDERED**, this 21st day of November 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**